# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 05-6034WM

---

In re:                                          *

Matthew A. and Angela V. Law,                   *
                                                *
            Debtors.                            *
                                                *       Appeal from the United States
Matthew A. and Angela V. Law,                   *       Bankruptcy Court for the
                                                *       Western District of Missouri
            Debtors - Appellants.               *
                                                *
            v.                                   *
                                                *
David C. Stover,                                *
                                                *
            Trustee - Appellee.                 *

---

No. 05-6037WM

---

In re:                                          *

Tammy Kathleen Brouse,                          *
                                                *
            Debtor.                             *
                                                *       Appeal from the United States
Tammy Kathleen Brouse,                          *       Bankruptcy Court for the
                                                *       Western District of Missouri
            Debtor - Appellant.                 *
                                                *
            v.                                   *
                                                *
David C. Stover,                                *
                                                *
            Trustee - Appellee.                 *

Submitted:  December 20, 2005
Filed: January 26, 2006

Before SCHERMER, MAHONEY, and McDONALD, Bankruptcy Judges.

MAHONEY, Bankruptcy Judge.

This is an appeal from orders of the bankruptcy court[1] entered on June 27, 2005, and June 29, 2005, in each of these cases sustaining the objection of David C. Stover, Chapter 7 Trustee, to the debtors' claim of exemption in the portions of their federal tax refunds attributable to the federal child tax credit. For the reasons stated below, we affirm.

## I.  Standard of Review

The court's factual findings are reviewed for clear error and its legal conclusions are reviewed *de novo*. Apex Oil Co. v. Sparks (In re Apex Oil Co.), 406 F.3d 538, 541 (8th Cir. 2005). The issue of what constitutes property of the bankruptcy estate is a question of law. Nelson v. Ramette (In re Nelson), 322 F.3d 541, 544 (8th Cir. 2003); Drewes v. Vote (In re Vote), 276 F.3d 1024, 1026 (8th Cir. 2002).

An appellate court may affirm on any basis supported by the record, even if that ground was not considered by the trial court. Rodgers v. U.S. Bank, 417 F.3d 845, 853

[1]The opinion and order in the Law case were entered by the Honorable Jerry W. Venters, Chief Judge of the United States Bankruptcy Court for the Western District of Missouri.

The order in the Brouse case was entered by the Honorable Arthur B. Federman, United States Bankruptcy Judge for the Western District of Missouri.

n.6 (8th Cir. 2005); <u>Power Equip. Co. v. Case Credit Corp. (In re Power Equip. Co.)</u>, 309 B.R. 552, 559 (B.A.P. 8th Cir. 2004).

## II. Background

The Laws and Ms. Brouse filed Chapter 7 petitions on October 25, 2004. After filing their 2004 income tax returns, they filed amended bankruptcy schedules B and C to disclose their income tax refunds and to allocate the bankruptcy estate's share of those refunds. Under Missouri law, tax refunds arising from an overpayment of taxes or from the federal earned income credit are property of the estate and are not considered exempt. <u>Wallerstedt v. Sosne (In re Wallerstedt)</u>, 930 F.2d 630 (8th Cir. 1991); <u>In re Demars</u>, 279 B.R. 548 (Bankr. W.D. Mo. 2002); <u>In re Goertz</u>, 202 B.R. 614 (Bankr. W.D. Mo. 1996). The debtors here each take the position that the portion of their federal tax refunds attributable to the child tax credit is not property of the estate, and they subtracted that amount from the refunds before calculating the amount to be turned over to the bankruptcy trustee.

In each case, the trustee objected, asserting that the amount of the refund resulting from the child tax credit is indeed property of the bankruptcy estate. A hearing was held in each case, and a memorandum opinion and order were entered in the Law case holding that the refundable portion of the child tax credit is property of the bankruptcy estate. Two days later, an order was entered in the Brouse case concurring in that holding and sustaining the trustee's objection. The debtors then filed these appeals, which were argued together.

### III. Discussion

The bankruptcy estate that comes into effect upon the filing of a bankruptcy petition consists primarily of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Property of the estate includes contingent interests in future payments. Potter v. Drewes (In re Potter), 228 B.R. 422 (B.A.P. 8th Cir. 1999); In re Yonikus, 996 F.2d 866 (7th Cir.1993). On that basis, tax refunds are considered property of the bankruptcy estate. *See, e.g.*, Wallerstedt, 930 F.2d 630; Barowsky v. Serelson (In re Barowsky), 946 F.2d 1516 (10th Cir. 1991); Doan v. Hudgins (In re Doan), 672 F.2d 831 (11th Cir. 1982).

The child tax credit ("CTC") was enacted in 1997 to give parents of dependent children a financial break. It allows parents with an adjusted gross income below a threshold amount to claim a $1,000 tax credit for each child under the age of 17. The credit is reduced to zero on a graduating scale for families whose income is above the threshold amount. The credit is refundable to the taxpayer to the extent it exceeds tax liability. *See* 26 U.S.C. § 24.

The trial court's decision that the refundable amount of the CTC is property of the estate is based on Sorenson v. Secretary of the Treasury of the United States, 475 U.S. 851 (1986), in which the Supreme Court characterized an excess earned-income tax credit ("EITC") as an overpayment to be refunded, just like a tax refund. Because the bankruptcy court usually treats tax refunds as property of the bankruptcy estate pursuant to Wallerstedt, 930 F.2d 630, it extended the Sorenson rationale to CTCs on the basis that refundability of the tax credit is the proper focus of the analysis.

Sorenson was not a bankruptcy case. Its context was a challenge to a provision in the Social Security Act which directed the Secretary of the Treasury to intercept tax refunds payable to people who are behind on their child-support obligations. The

plaintiff argued that EITCs are different than normal tax refunds and should be treated differently by being excluded from enforcement of the interception law.

The issue in <u>Sorenson</u> was the narrow question of how two procedural mechanisms — the EITC delivery system and the tax-intercept system — intersected. In its decision, the Supreme Court focused on sections 6401 and 6402 of the Internal Revenue Code, where EITCs which exceed a person's tax liability are defined as overpayments and overpayments are to be disbursed via income tax refunds, and stated that an overpayment arising from an excess EITC should be treated the same as an overpayment arising in any other manner. <u>Sorenson</u>, 475 U.S. at 859-60. After discussing both statutory construction and policy reasons for its decision, the Court affirmed the decision that EITCs are subject to intercept.

The debtors rely on the case of <u>In re Schwarz</u>, 314 B.R. 433 (Bankr. D. Neb. 2004), which held that CTCs are not property of the bankruptcy estate because they are distinguishable from EITCs. The primary distinction noted is the dissimilar treatment of the two types of credits by the Internal Revenue Code.

Only four cases other than <u>Schwarz</u> — all decided prior to <u>Schwarz</u> — have discussed the CTC in a bankruptcy context. Those cases are <u>In re Dever</u>, 250 B.R. 701 (Bankr. D. Idaho 2000); <u>In re Steinmetz</u>, 261 B.R. 32 (Bankr. D. Idaho 2001); <u>In re Beltz</u>, 263 B.R. 525 (Bankr. W.D. Ky. 2001); and <u>In re Koch</u>, 299 B.R. 523 (Bankr. C.D. Ill. 2003). They approached the question from the perspective of whether the CTC is exemptible as a public assistance benefit, and assumed, before even reaching the question of exemption, that the tax credits are property of the bankruptcy estate.

5

These cases all distinguish the legislative policies behind the EITC and the CTC. The two laws were enacted in different decades for different reasons[2]. They were codified in different parts of the Internal Revenue Code[3]. This is significant because the tax code treats them differently as a result. In 26 U.S.C. § 6401, which defines amounts treated as overpayments, certain excess credits are to be considered overpayments. Specifically,

> If the amount allowable as credits under subpart C of part IV of subchapter A of chapter 1 (relating to refundable credits) exceeds the tax imposed by subtitle A (reduced by the credits allowable under subparts A, B, D, G, and H of such part IV), the amount of such excess shall be considered an overpayment.

26 U.S.C. § 6401(b)(1).

The refundable credits of subpart C include the EITC. As noted in footnote 2, the CTC is found in subpart A. By the terms of § 6401, excess CTCs are not considered tax overpayments. This in itself removes the CTC from the realm of <u>Sorenson</u> and indicates that it requires analysis from a different perspective.

---

[2] The EITC's purpose was to provide economic relief to low-income working people, <u>Sorenson</u>, 475 U.S. at 864, while the CTC's was to reduce the tax burden on working parents and promote family values. H.R. Rep. 105-148, at 310 (1997); S. Rep. 105-33, at 3 (1997).

[3] Chapter 1 of subtitle A of the Internal Revenue Code (26 U.S.C.) addresses normal taxes and surtaxes; subchapter A deals with determination of tax liability; part IV covers credits against tax; and subpart C encompasses refundable credits. That is where the EITC is found. In contrast, the CTC is classified in subpart A of part IV, under nonrefundable personal credits. It was later amended to include refundability for excess credits, so its codification as a "nonrefundable credit" is not entirely accurate.

The debtor advances an argument, following <u>Schwarz</u>, that the CTC is allowed only for tax years consisting of 12 months and is thereby distinguishable from the EITC. The trustee notes that the CTC statute and the EITC statute contain exactly the same language in that regard: "Except in the case of a taxable year closed by reason of the death of the taxpayer, no credit shall be allowable under this section in the case of a taxable year covering a period of less than 12 months." 26 U.S.C. §§ 24(f) and 32(e). In <u>Schwarz</u>, part of the opinion's focus was on the distinction that permits the EITC to be apportioned throughout the year so the taxpayer receives advances on the credit in his or her paycheck, while the CTC has no such provision. The trustee here argues that is a distinction without a difference, pursuant to <u>Williamson v. Jones (In re Montgomery)</u>, 224 F.3d 1193, 1194-95 (10th Cir. 2000). <u>Montgomery</u> held "In light of the consistent authority holding that section 541 applies to contingent interests, the fact that a debtor's interest in an EIC is not finalized until the end of the tax year is not an impediment to its inclusion in the bankruptcy estate." 224 F.3d at 1195 (citing <u>Barowsky v. Serelson (In re Barowsky)</u>, 946 F.2d 1516, 1518-19 (10th Cir. 1991) and <u>Potter v. Drewes (In re Potter)</u>, 228 B.R. 422, 423-24 (B.A.P. 8th Cir. 1999)).

All of the statutory differences between the EITC and the CTC noted above are significant for tax purposes, but not for bankruptcy purposes. From a bankruptcy point of view, both types of credits are contingent interests on the petition date. For that reason, and despite the distinctions between them, they become property of the bankruptcy estate.

In light of our detailed review of the statutory differences relied on in <u>Schwarz</u>, we find that the differences are not significant for purposes of the question before the court, *i.e.*, what constitutes property of the estate. To that extent, we find that <u>Schwarz</u> was not properly decided.

The orders of the bankruptcy court are hereby affirmed.

————————