RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 12a0298p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

In re: ANTHONY M. ZINGALE; BARBARA A.
ZINGALE,

                    *Debtors*,

_____

ANTHONY M. ZINGALE, BARBARA A.
ZINGALE,

                    *Appellants*,

      *v.*

MARY ANN RABIN,

                    *Appellee.*

No. 11-3740

Appeal from the Bankruptcy Appellate Panel
for the United States Court of Appeals for the Sixth Circuit.
No. 10-10594—Arthur I. Harris, Bankruptcy Judge.

Argued: May 31, 2012

Decided and Filed:  August 31, 2012

Before:  SILER and WHITE, Circuit Judges; REEVES, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Debra E. Booher, DEBRA BOOHER & ASSOCIATES CO., LPA, Cuyahoga Falls, Ohio, for Appellants.  Mary Ann Rabin, RABIN & RABIN CO., L.P.A., Cleveland, Ohio, for Appellee.  **ON BRIEF:** Debra E. Booher, DEBRA BOOHER & ASSOCIATES CO., LPA, Cuyahoga Falls, Ohio, for Appellants.  Mary Ann Rabin, RABIN & RABIN CO., L.P.A., Cleveland, Ohio, for Appellee.

_____

[*] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

---

**OPINION**

---

HELENE N. WHITE, Circuit Judge.   Appellants Anthony M. and Barbara A. Zingale appeal the Bankruptcy Appellate Panel's opinion sustaining Trustee Mary Ann Rabin's objection to a portion of the Child Tax Credit ("CTC") exemption the Zingales claimed in their bankruptcy petition.  We **AFFIRM**.

**I.**

The facts of this case are not in dispute.  On January 28, 2010, Barbara Zingale, a clinical analyst at the Cleveland Clinic, and Anthony Zingale, a stay-at-home father for the couple's two-year-old triplet sons and ten-year-old daughter, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  11 U.S.C. § 701 *et seq.* Rabin was appointed as Trustee.  On Schedule B of the petition, the form on which debtors list assets, the Zingales included a joint interest in "Anticipated 2009 Income Tax Refund," with the value listed as "unknown."

The Zingales filed joint federal and state income tax returns for 2009, on which they provided the following figures: adjusted gross income: $59,402; total tax liability: $2,934; total credits: $2,934; payroll taxes withheld from wages: $6,777; and total federal tax refund: $8,542.  On line 51 of the return, under the section titled "Tax and Credits," they listed $2,903 for the CTC.   On line 65, under the section titled "Payments," they listed $1,097 for "[a]dditional child tax credit."  Appellee's Br. at 98-99.

After completing their tax return, the Zingales amended Schedule B, changing the unknown value of their tax refund to $8,542.  The Zingales specified $4,000 as the portion of their refund due to the CTC and $4,542 for the portion not due to the CTC. They also amended Schedule C of the bankruptcy petition, the form on which debtors claim exemptions, to list the $4,000 portion of their refund attributed to the CTC as exempt pursuant to Ohio Rev. Code Ann.§ 2329.66(A)(9)(g).

The Trustee objected to the Zingales' claimed $4,000 CTC exemption, arguing that $2,903 of the CTC, the so-called "non-refundable portion," was not exempt under §2329.66(A)(9)(g).  In an oral opinion, the bankruptcy court sustained the Trustee's objection, reducing the Zingales' claimed exemption to $1,907.  The Bankruptcy Appellate Panel ("BAP") for the Sixth Circuit affirmed.  *In re Zingale*, 451 B.R. 412 (B.A.P. 6th Cir. 2011).  The Zingales timely appealed.

## II.

Under §541 of the Bankruptcy Code (the "Code"), the commencement of a bankruptcy case creates an estate. 11 U.S.C. § 541(a).  Subject to certain exemptions not relevant here, the property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  In turn, section 522 of the Code allows a debtor to claim certain property as exempt and also allows states to create their own statutory exemption scheme, which Ohio has done. 11 U.S.C. § 522(b); *see* Ohio Rev. Code Ann. § 2329.662.

Ohio Rev. Code Ann. § 2329.66(A)(9)(g) allows a bankruptcy debtor to claim an exemption for "[t]he person's interest in . . . [p]ayments under section 24 or 32 of the Internal Revenue Code of 1986."[1]  Section 24 of the Internal Revenue Code ("IRC") establishes the CTC, which operates in two ways.  First, § 24(a) provides a $1,000 credit for every qualifying child.  26 U.S.C. § 24(a).  The credit under § 24(a) is used to offset tax liability and is limited to the extent of a taxpayer's regular tax liability after the application of certain other credits.  26 U.S.C. § 24(b)(3)(A), (B); *see also In re Dunckley*, 452 B.R. 241, 244-45 (B.A.P. 10th Cir. 2011).  Section 24(d), on the other hand, is entitled "Portion of credit refundable," and allows, under certain circumstances, for an "additional child tax credit," which is a refund of the portion of the CTC not used to offset tax liability. *In re Parisi*, No. 10-70021-478, 2010 WL 1849386, at *2 (Bankr. E.D.N.Y. May 6, 2010) (unreported).  "In other words, '[i]f the child tax credit exceeds the taxpayer's Federal income tax liability for the taxable year, a portion of the child tax

---

[1] Section 32 of the IRC codifies the Earned Income Tax Credit.  26 U.S.C. § 32.

credit may be refundable as an additional child tax credit under section 24(d)(1).'" *In re Matthews*, 380 B.R. 602, 606 (Bankr. M.D. Fla. 2007) (alteration in original, citation omitted); *see also In re Law*, 336 B.R. 780, 782 (B.A.P. 8th Cir. 2006).  In this case, because they had four qualifying children, the Zingales were entitled to a $4,000 CTC, of which $2,903 went to reduce their tax liability to zero and the remaining $1,907 they received as part of their tax refund pursuant to § 24(d).[2]  The question is whether the entire $4,000 amount can be claimed as an exemption, or only the $1,907 amount refunded to the Zingales under § 24(d).  The Trustee concedes that the portion of the Zingales' income tax refund based on the refundable or additional CTC – $1,907 – is exempt.  The Bankruptcy Court and the BAP found that the non-refundable portion of the CTC was not property of the estate and not exempt under the Ohio exemption.

We review a bankruptcy court's findings of fact for clear error and conclusions of law de novo.  *Chase Manhattan Mortg. Corp. v. Shapiro (In re Lee)*, 530 F.3d 458, 463 (6th Cir. 2008).  The BAP's decision is not binding on this court.  *Phar-Mor, Inc. v. McKesson Corp.*, 534 F.3d 502, 507 (6th Cir. 2008).  In Ohio, exemptions are construed liberally in favor of debtors.  *Daugherty v. Cent. Trust Co. of Ne. Ohio, N.A.*, 504 N.E.2d 1100, 1104-05 (Ohio 1986).  But if the statutory text is unambiguous, the clear language controls and the court's inquiry is over.  *State ex rel. Plain Dealer Publ'g Co. v. Cleveland*, 831 N.E.2d 987, 995 (Ohio 2005).  The Trustee bears the burden of proving that the exemption is not applicable.  Fed. R. Bankr. P. 4003(c).

**III.**

The ultimate issue is whether the non-refundable portion of the CTC is exempt under § 2329.66(A)(9)(g). The parties dispute whether the non-refundable portion of the CTC is property of the estate, and the BAP decided the case on the basis that it is not.

---

[2]Neither party disputes these figures.

Because we conclude the non-refundable portion of the CTC is not a "payment" under the Ohio exemption, we need not address that question.[3]

Pursuant to § 2329.66(A)(9)(g), a bankruptcy debtor may exempt a "payment" under § 24 of the IRC. Because the Ohio courts have not answered whether the non-refundable CTC qualifies as a payment, we must predict how the Ohio Supreme Court would rule on this specific issue. *Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003) (citation omitted). The Zingales argue from several angles that the non-refundable CTC counts as a payment and is therefore exempt.

First, the Zingales argue that the plain language of the statute does not make any distinction between refundable and non-refundable credits, and if the Ohio legislature had intended to exempt only the refundable portion, it easily could have done so by exempting "payments under **§ 24(d)**" instead of simply payments under § 24. We are not persuaded. That the statute does not differentiate between the refundable and non-refundable portions of the CTC cuts both ways: the legislature as easily could have specified that the exemption *included* both portions of the CTC. Likewise, the legislature also could have provided that the exemption applied to any "credit" under §24, which would be evidence that the exemption applied to both portions of the CTC. But the statute does not say either of those things.[4]

Indeed, the use of the word "payment" signals that only the refundable portion is exempt. *Dunckley* is instructive. 452 B.R. 241. The Colorado statute in *Dunckley* exempts the "*full amount* of any federal or state income tax refund *attributed to* an earned income tax credit or a child tax credit." Colo. Rev. Stat. § 13-54-102(1)(o)

---

[3] *Compare In re Luke*, No. 08-35623, 2009 WL 1617468, at *4 (Bankr. N.D. Ohio Apr. 27, 2009) (unreported) ("[T]he non-refundable portion of the credit is not property of the estate and cannot be subject to collection and distribution by the Trustee."), *with In re Beltz*, 263 B.R. 525, 527 (Bankr. W.D. Ky. 2001) ("[T]his Court concludes that the [Federal Child Tax Credit] is property of the bankruptcy estate.").

[4] The Zingales argue that the use of the word "payment" is a holdover from a previous statutory exemption that has no special meaning. Although it is true that the previous exemption used the phrase "poor relief *payments*," *In re Murphy*, 99 B.R. 370, 378 (Bankr. S.D. Ohio 1988) (emphasis added), this fact provides no information about whether the drafters of § 2329.66(A)(9)(g) intended the exemption to include both the refundable and non-refundable portions of the CTC.

(emphasis added).  The *Dunckley* court distinguished the Colorado exemption from the Ohio exemption at issue here:

> Contrast the Ohio statute's use of the term 'payment' with the Colorado statute, which exempts the 'full amount' of a refund that is 'attributed to' the credit.  *The language 'payment under § 24' inferentially points to only the refundable portion of the credit*, while 'attributing' the 'full amount' of a refund to the credit suggests that the Colorado legislature intended to exempt any part of the refund that was caused by its application.

452 B.R. at 246 (emphasis added).  The Colorado statute, which was drafted before the Ohio statute, is an example of how a legislature could have drafted an exemption to cover the entire CTC.

The Zingales' citation to Black's Law Dictionary fares no better.  Black's defines a payment as "the performance of an obligation by the delivery of money or some other valuable thing accepted in partial or full discharge of the obligation."  Black's Law Dictionary 396, 1165 (8th ed. 2004).  The Zingales contend that the credit applied by the IRS under § 24(a) to decrease a person's tax liability is "some other valuable thing accepted in full or partial satisfaction of the tax obligation."  This logic is a stretch – the Zingales do not seriously argue that the IRS owes "an obligation" to the Zingales, in exchange for which the IRS "pays" the CTC to the Zingales.  The non-refundable CTC is "simply a reduction against the amount of tax liability."  *Matthews*, 380 B.R. at 605 (citation omitted).

The IRS's treatment of the non-refundable CTC severely undercuts the Zingales' arguments. Line 51 of Form 1040 income tax return, the line for claiming the non-refundable CTC, is located in the section entitled "Tax and Credits," while the section in which a taxpayer claims the refundable CTC on Line 65 is entitled "Payments." Appellee's Br. at 99.  Hence, the form on which taxpayers claim the CTC clearly denominates the non-refundable CTC as a credit and the refundable CTC as a payment. In the same vein, the CTC is codified in Subpart A, a section of the IRC entitled "Nonrefundable Personal Credits."  The text of §24(d), on the other hand, provides that the credits available under *Subpart C*, which deals with "Refundable Credits" such as

the Earned Income Tax Credit, shall be increased by the refundable amount of the CTC.[5] The refundable CTC thus operates, practically speaking, as a refundable credit under Subpart C, which the IRC classifies as an overpayment. 26 U.S.C. § 6401(b)(1); *In re Krahn*, No. 08-41285, 2009 Bankr. LEXIS 4103, at \*14 (Bankr. D. Kan. Dec. 11, 2009) ("The refundable tax credit, unlike the non-refundable credit, is treated as an 'overpayment' under the tax code.") (citation omitted). *But see In re Law*, 336 B.R. at 783 ("[E]xcess CTCs are not considered tax overpayments.").

Finally, contrary to the Zingales' arguments, the legislative history sheds little light on this issue. Although the Zingales concede that it is difficult to discern legislative intent because the Ohio legislature does not keep a formal record of legislative activities, they nevertheless argue that emails and other documents prove that the proponents of S.B. 281, the bill that codified the CTC exemption in Ohio, advocated that the entire CTC would be exempt. But the materials, which suggest that the proponents of the bill were primarily concerned with the Earned Income Tax Credit, reveal that S.B. 281 advocates did not distinguish between the refundable and non-refundable portions of the CTC. In other words, the legislative history has no bearing on the issue in this case.

The Zingales' citations to Black's Law Dictionary and legislative history do not transform the statute's unambiguous use of "payment," which corresponds to the IRS's distinction between credits and payments. The non-refundable CTC is classified as a credit and is only used to offset tax liability. Accordingly, the non-refundable CTC is not a payment under § 2329.66(A)(9)(g) and is therefore not exempt.

**IV.**

For the foregoing reasons, we **AFFIRM** the decision of the BAP.

---

[5] Chapter 1 of the IRC is entitled "Normal Taxes and Surtaxes," and Subchapter A of Chapter 1 is entitled "Determination of Tax Liability." Part IV of Subchapter A is titled "Credits Against Tax" and is broken down into subparts. Subpart A of Part IV is entitled "Nonrefundable Personal Credits" and contains the CTC. Subpart C is entitled "Refundable Credits" and contains the Earned Income Tax Credit. *Cf. In re Law*, 336 B.R. at 783 n.3. The refundable CTC under § 24(d) by its operation, title, and explicit reference to Subpart C, indicates that it, too, should be treated as a Refundable Credit under Subpart C.