**PUBLISH**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**October 23, 2012**

**FOR THE TENTH CIRCUIT**
_____

**Elisabeth A. Shumaker**
**Clerk of Court**

In re: RICHARD EDWARD BORGMAN,
a/k/a Richard E. Borgman, a/k/a Rich
Edward Borgman, a/k/a Rich E. Borgman,
a/k/a R. E. Borgman,

Debtor,

------------------------------

ROBERTSON B. COHEN, Trustee,

Appellant,

v.

RICHARD EDWARD BORGMAN,

Appellee.

_____

No. 11-1369

In re: VERN DUNCKLEY, a/k/a Vernon
Wayne Dunckley, a/k/a Vern W. Dunckley,
a/k/a V. Wayne Dunckley, a/k/a Vern
Wayne Dunckley, a/k/a V.W. Dunckley,
a/k/a Vernon Dunckley; ELYSE
DUNCKLEY, a/k/a/ Elyse Ra Dunckley,
a/k/a Elyse R. Dunckley, a/k/a E. Ra
Dunckley, a/k/a E.R. Dunckley,

Debtors.

------------------------------

ROBERTSON B. COHEN, Trustee,

No. 11-1371

                    Appellant,

v.

VERN DUNCKLEY; ELYSE
DUNCKLEY,

                    Appellees.

_____

**APPEAL FROM THE BANKRUTPCY APPELLATE PANEL
FOR THE TENTH CIRCUIT
(B.A.P. Nos. 10-057-CO, 10-079-CO)**
_____

John C. Smiley (Michael T. Gilbert, with him on the briefs), Lindquist & Vennum
P.L.L.P., Denver, Colorado, for Appellant.

Stephen H. Swift, Law Office of Stephen H. Swift, P.C., Colorado Springs, Colorado
(Matthew R. Backus, Backus Law Firm, Colorado Springs, Colorado, and Mark A.
Barrionuevo, Law Office of Stephen H. Swift, P.C., with him on the brief), for Appellees.
_____

Before **TYMKOVICH**, **EBEL**, and **HOLMES**, Circuit Judges.
_____

**EBEL**, Circuit Judge

        This appeal presents the question of whether the amount of a federal tax refund

equivalent to the "nonrefundable" portion of the child tax credit of 26 U.S.C. § 24(a) is

exempt from a bankruptcy debtor's estate under Colorado Revised Statutes § 13-54-

102(1)(o).  That statute exempts from a bankruptcy estate "[t]he full amount of any

federal or state income tax refund attributed to an earned income tax credit or a child tax

credit."  Id.  The Bankruptcy Appellate Panel held that the disputed refunds were exempt.

Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we REVERSE.

2

# I. BACKGROUND

## A. Relevant Bankruptcy and Tax Code provisions

Filing a petition for bankruptcy creates a bankruptcy estate by operation of law. See 11 U.S.C. § 541(a). The estate comprises "property," broadly defined to include "all legal or equitable interests of the debtor in property as of the commencement of the case." Id. § 541(a)(1). An income tax refund is included in this expansive definition of "property." See Kokoszka v. Belford, 417 U.S. 642, 648 (1974); In re Barowsky, 946 F.2d 1516, 1517 (10th Cir. 1991). In a Chapter 7 bankruptcy, a debtor's property is liquidated and the proceeds distributed to creditors. See United States v. Edwards, 595 F.3d 1004, 1009 n.1 (9th Cir. 2010). But a Chapter 7 bankruptcy debtor may claim certain property as exempt from liquidation and sale. See 11 U.S.C. § 522(b)(2), (d). The Bankruptcy Code provides default rules defining exempt property, but states may opt out of these default rules and create their own. See id. § 522(b)(2). Colorado has taken this route and codified its own exempt property rules. See Colo. Rev. Stat. § 13-54-107. The relevant Colorado statute exempts a wide range of personal property, including, as pertinent to this appeal, "[t]he full amount of any federal or state income tax refund attributed to an earned income tax credit or a child tax credit." Id. § 13-54-102(1)(o) (hereinafter "§ 13-54-102(1)(o)").

Under the Internal Revenue Code, a taxpayer with minor children may claim a child tax credit ("CTC") of $1,000 for each qualifying child. See 26 U.S.C. § 24(a). The CTC is claimed in the section of the Internal Revenue Service Form 1040 ("Form 1040")

3

devoted to "Tax and Credits."[1]  As pertinent to this case, the Internal Revenue Code

distinguishes between "nonrefundable credits," codified at 26 U.S.C. §§ 21-26 (also

called "Subpart A") and "refundable credits," codified at 26 U.S.C. §§ 31-37 (also called

"Subpart C").  The CTC is a "nonrefundable credit" codified in Subpart A.  See 26

U.S.C. § 24.  "Nonrefundable" means it can only reduce tax liability to the extent that tax

liability exists.  See id. §§ 24(b)(3), 26(a).  Thus, for example, if a taxpayer had $750 of

total tax liability and one qualifying child, she could use $750 of the $1,000 CTC to

reduce her tax liability to zero, but she would not be entitled to have the remaining $250

paid to her.  In this regard, the CTC is unlike the "refundable" tax credits codified in

Subpart C, for example the earned income tax credit, which are treated as tax payments

by the taxpayer and can thus result in a tax refund to the extent that they exceed tax

liability.  See id. § 32 (governing the earned income tax credit); id. § 6401(b)(1) (treating

excess credits under Subpart C as "overpayments").

For certain taxpayers with earned income, however, a portion of the $1,000 CTC

that exceeds actual tax liability is refundable.  See id. § 24(d)(1) (treating a portion of the

CTC, in some cases, as if it were a refundable Subpart C credit).  The refundable

component is called the "additional child tax credit" ("Additional CTC") and it is claimed

in the section of the Form 1040 devoted to "Payments."[2]  The actual calculations that go

into determining eligibility for, and the amount of, the Additional CTC are complex and

---

[1] For tax year 2009, the CTC was claimed on line 51 of the Form 1040.

[2] For tax year 2009, the Additional CTC was claimed on line 65 of the Form 1040.

4

beyond the scope of this appeal. For present purposes, it is enough to observe that in some cases, for certain taxpayers, the CTC has both a "nonrefundable" and a "refundable" component. Thus, if a taxpayer in the example above qualified for the Additional CTC, not only would $750 of the nonrefundable CTC reduce her tax liability to zero, but she could also receive some or all of the $250 difference as a refund.

## B.    Factual background

The pertinent facts in these bankruptcy cases are undisputed, and essentially identical. See In re Dunckley, 452 B.R. 241, 242 (B.A.P. 10th Cir. 2011). Appellees Vernon and Elyse Dunckley ("the Dunckleys") and Appellee Richard Borgman ("Borgman") (collectively, the "Debtors") each filed for Chapter 7 bankruptcy in October 2009. The Debtors listed their prospective tax refunds for the 2009 tax year, "including child tax credit," as exempt property on Schedule C of their respective bankruptcy petitions, citing § 13-54-102(1)(o). The Debtors agreed to file their tax returns on time, and to have any refunds sent directly to the Trustee in Bankruptcy, Robertson Cohen ("the Trustee"), Appellant here.[3] The Trustee would then retain any portion of the refund that was not exempt and return the rest to the Debtors. The Debtors filed their respective tax returns in April 2010, each using Form 1040. The Dunckleys' tax was $6,631. Having two qualifying children, the Dunckleys claimed a $2,000 CTC on Line 51 of Form 1040, and an additional credit not relevant here, reducing their total tax to $4,186. They did not qualify for the Additional CTC. They had previously paid $8,447 in federal

---

[3] Robertson Cohen is the Trustee in Bankruptcy for both of these cases.

income taxes through wage withholding. They received a tax refund in the amount of $4,261—the difference between their total tax and the amount of federal income taxes that had been withheld.

Borgman's tax for 2009 was $818. Borgman, who had one qualifying child, claimed an $818 CTC on Line 51, which operated to reduce his total tax to zero. Borgman also qualified for the Additional CTC, which he claimed on Line 65 of Form 1040, in the amount of $182. Between the Additional CTC and the other refundable credits for which Borgman qualified, Borgman's payments totaled $3,770, all of which was refunded to him.

## C.    Procedural background

The Dunckleys claimed an exemption of $2,000 from the bankruptcy estate, equivalent to the $2,000 nonrefundable CTC. Likewise, Borgman sought to exempt $818 from his bankruptcy estate, corresponding to the nonrefundable portion of the CTC on his tax return.[4] The Trustee objected to each of these claims, on the grounds that the Debtors were "claiming an exemption on a child tax credit which is related to a 'non-refundable' portion credited against the amount of tax owed." Aplt. App. at 183 at ¶5; 81 at ¶ 5. The Debtors countered that the plain language of § 13-54-102(1)(o) exempted the full amount of a tax refund "attributed to" a CTC, and that a refund that is made larger by operation of a CTC in any form is "attributed to" that credit. Moreover, the Debtors argued, even if

---

[4] The parties do not dispute that the $182 of "Additional Child Tax Credit," represented on line 65 of Borgman's Form 1040, creates a refund that is exempt from the bankruptcy estate under § 13-54-102(1)(o).

the exemption statute were ambiguous on this point, it should be construed liberally in favor of the debtors.

In each case, the presiding Bankruptcy Court judge ultimately sustained the Trustee's objection, and disallowed the exemption. The Debtors appealed the Bankruptcy Court's determinations in their respective cases to the Bankruptcy Appellate Panel ("BAP"), which heard oral argument on both cases together and issued a single opinion, reversing the decisions below. See Dunckley, 452 B.R. 241. The Trustee now appeals, arguing that the BAP's interpretation of § 13-54-102(1)(o) was erroneous.

## II.    DISCUSSION

### A.    Standard of Review

When reviewing a decision of the BAP, this Court reviews only the Bankruptcy Court's decision, treating the BAP as a subordinate appellate tribunal whose rulings may be persuasive, but are entitled to no deference. In re Miller, 666 F.3d 1255, 1260 (10th Cir. 2012). The Bankruptcy Court's decisions on matters of law are reviewed de novo.[5] Id. "This Court must . . . reach its own conclusions regarding state law legal issues, without deferring to the bankruptcy court's interpretation of state law." In re Wagers, 514 F.3d 1021, 1024 (10th Cir. 2007).

### B.    Analysis

---

[5] The Bankruptcy Court's factual findings are reviewed for clear error; but these cases involve no disputed facts. See Dunckley, 452 B.R. at 242.

7

Because Colorado has opted out of the federal bankruptcy exemption rules, see Colo. Rev. Stat. § 13-54-107, exemptions for Colorado bankrupts are governed by Colorado law, see id. § 13-54-102.  The "scope and application" of Colorado exemptions are "defined by the state courts and we are bound by their interpretations."  Belcher v. Turner, 579 F.2d 73, 74 (10th Cir. 1978); see also In re Hodes, 402 F.3d 1005, 1009 (10th Cir. 2005) ("When determining the validity of a claimed state law exemption, bankruptcy courts look to applicable state law.").  However, the Colorado courts have never addressed the question of whether the "amount of [a] federal . . . income tax refund attributed to . . . a child tax credit" under § 13-54-102(1)(o) includes an amount equal to the nonrefundable child tax credit.  Nor have the Colorado courts been called upon even to construe the phrase "refund attributed to . . . a child tax credit" or any of its constituent terms.

What is clear under Colorado law is that a court interpreting a Colorado statute must "ascertain and give effect to the intent of the legislature," and that task begins with "the language of the statute itself."  People v. Zapotocky, 869 P.2d 1234, 1238 (Colo. 1994).  "When the statutory language is clear and unambiguous, the statute must be interpreted as written without resort to interpretive rules and statutory construction."  Id. We conclude that § 13-54-102(1)(o), which unambiguously applies only to "refunds," does not encompass the nonrefundable portion of the CTC.  The Bankruptcy Court's disallowance of the disputed exemptions was correct.

    **1.**       **Colorado Revised Statutes § 13-54-102(1)(o) addresses only "refund[s]"**

It is axiomatic that a "refund attributed to . . . a child tax credit" must first be a "refund." Under the Internal Revenue Code, the Secretary of the Treasury is authorized to issue a "refund" when a person has made an "overpayment" that exceeds that person's tax liability. See 26 U.S.C. § 6402(a); see also Dye v. United States, 121 F.3d 1399, 1407 (10th Cir. 1997) ("'[T]he taxpayer . . . is not entitled to a refund unless he has overpaid his tax.'") (quoting Lewis v. Reynolds, 284 U.S. 281, 283 (1932)). Although the Internal Revenue Code does not provide a general definition of "overpayment," the "common sense interpretation is that a tax is overpaid when a taxpayer pays more than is owed, for whatever reason or no reason at all." United States v. Dalm, 494 U.S. 596, 609 n.6 (1990). Interpreting an earlier version of the Internal Revenue Code, the Supreme Court interpreted "the word 'overpayment' in its usual sense, as meaning any payment in excess of that which is properly due." Jones v. Liberty Glass Co., 332 U.S. 524, 531 (1947).

Thus, a prerequisite for a refund is a payment of some form in the first instance. See In re Kleinfeldt, 287 B.R. 291, 293 (B.A.P. 10th Cir. 2002) ("A refund then suggests that some payment or withholding must have been made by the recipient of the refund in the first place."). The structure of Form 1040 confirms this proposition. See In re Walsh, 298 B.R. 894, 896 (Bankr. D. Colo. 2003). In completing Form 1040, a taxpayer first adds up all of his items of "income." See I.R.S. Form 1040 ll.7-22 (2009). Next, the taxpayer is permitted to subtract certain items of expense to calculate "adjusted gross income." See id. ll.23-37. The taxpayer then claims any applicable remaining deductions and exemptions to determine "taxable income," see id. ll.38-43, and, as

9

relevant to the taxpayers in this case, figures his "tax" from that year's tax table. Once the total amount of tax is determined, the taxpayer adds up his total "credits," including the child tax credit. See id. ll.47-54. These credits are subtracted from the tax, but can only reduce the tax to zero. See id. l.55 ("Subtract [total credits] from [tax]. If [total credits are] more than [tax], enter -0-."). "Other taxes," if any, such as self-employment tax, are then added to the tax to determine "total tax." See id. ll.56-60. Then the taxpayer calculates and adds his "total payments," including refundable credits such as federal withholding from wages, the earned income tax credit, and the Additional CTC. See id. ll.61-71; see also 26 U.S.C. §§ 31, 32, 24(d). Only to the extent that these "payments" exceed "total tax" does the taxpayer qualify for a "refund." See id. l.72 ("If [total payments are] more than [total tax], subtract [total tax] from [total payments]. This is the amount you overpaid."); see also Walsh, 298 B.R. at 896 n.2 ("Thus, it seems to the Court, the only amounts that a taxpayer can actually get a refund of would have to be the amounts listed under [the] 'Payments' section of the tax form.").

We agree with the bankruptcy court that the nonrefundable portion of the CTC—i.e., the portion claimed in the "tax and credits" section of Form 1040—never gives rise to a "refund." A reduction in tax liability, standing alone, will never result in a refund. Only items treated as "payments"—such as the earned income tax credit or the Additional CTC, see I.R.S. Form 1040 (2009), ll.64a, 65—can give rise to a refund, and then only to the extent that they exceed tax liability. See 26 U.S.C. § 6401(b)(1) (treating refundable credits that exceed tax liability as "overpayment[s]"). Accordingly, the

10

nonrefundable portion of the CTC, which is not treated as a "payment" under the Internal Revenue Code, is outside the scope of § 13-54-102(1)(o), which exempts only "refunds."

### 2. The disputed refunds in this case were not "attributed to" the Child Tax Credit

In light of the fact that a refund depends first upon a payment, it cannot be said that the disputed refunds in this case were "attributed to" the nonrefundable portion of the CTC. The Dunckleys' refund was "attributed to" the fact that they had $8,447 in withholding, as against total tax liability of $4,186. Meanwhile, Borgman's refund was "attributed to" the fact that he had $1,328 in withholding, a $400 Making Work Pay credit, a $1,860 earned income tax credit, and a $182 Additional CTC, as against total tax liability of zero.

The BAP reasoned that there need be no direct correlation between the credit and the refund for the "full amount" of the refund to be "attributed to" the credit and thus exempt, so long as the application of the credit "directly affects the refund." Dunckley, 452 B.R. at 246. We disagree. It is true that the nonrefundable portion of the CTC is "part of the equation," id., by which a refund, if any, is calculated, but so too are the amount of income earned, the amount of deductions claimed, the amount of credits available, and the amount of taxes already paid in withholding, among other variables. A taxpayer's refund, if any, is no more "attributed to" the nonrefundable portion of the CTC than it is to any of these other elements of the equation. If the nonrefundable portion of the CTC happens to reduce a taxpayer's liability to an amount less than the taxpayer's payments and refundable credits, then the taxpayer will receive a "refund," but that

11

"refund" will be "attributed to" the taxpayer's payments and refundable credits, and not to the reduction in tax liability. Meanwhile, if, even after application of the nonrefundable CTC, a taxpayer's tax liability equals or exceeds his payments and refundable credits, the taxpayer will either receive no refund, or will owe taxes. The BAP's analysis, which presupposes the existence of a refund instead of examining the refund's constituent parts, fails in this latter case.

Consider a hypothetical Taxpayer A, who has one qualifying child. After application of the full $1,000 nonrefundable child tax credit, he has "total tax" liability of $2,000. Taxpayer A has had $6,000 in federal taxes withheld from his wages, but has made no other payments. Hypothetical Taxpayer B also has one qualifying child, and after claiming the full $1,000 of the nonrefundable child tax credit, she too has "total tax" liability of $2,000. But Taxpayer B's only payment thus far has been $1,500 of federal tax withholding. Taxpayer A receives a refund of $4,000, the amount by which his "payments" exceed his "total tax." Meanwhile, even after application of her $1,500 withholding "payment," Taxpayer B receives no refund; instead she owes the Internal Revenue Service $500, the difference between her "total tax" and her payments.

The only difference between these two taxpayers, and hence the only possible source of Taxpayer A's refund, is the amount of federal taxes withheld from their wages during the year. To permit Taxpayer A, but not Taxpayer B, to exempt $1,000 from the bankruptcy estate under § 13-54-102(1)(o) would, in essence, permit the exemption of excess withholding, which as Appellant correctly points out, is not within Colorado's statutory list of exemptions. Cf. Barowsky, 946 F.2d at 1518 (holding that the pre-

12

petition portion of a federal tax refund is property of the bankruptcy estate, because it "essentially represents excessive tax withholding which would have been other assets of the bankruptcy estate if the excessive withholdings had not been made").  We can discern no reason to treat these taxpayers differently in bankruptcy, particularly in light of the general rules (1) that an income tax refund is property of a bankruptcy estate, see Kokoszka, 417 U.S. at 648; Barowsky, 946 F.2d at 1517, and (2) that a Colorado bankruptcy debtor is limited to "those exemptions expressly provided by the statutes of this state," Colo. Rev. Stat. § 13-54-107.

In sum, we hold that the nonrefundable portion of the child tax credit of 26 U.S.C § 24(a), because it does not constitute a "payment" and thus cannot give rise to a "refund," is not included in the "full amount of [a] federal . . . income tax refund attributed to . . . a child tax credit" under Colorado Revised Statutes § 13-54-102(1)(o).  It is therefore not exempt from the bankruptcy estate, as the Bankruptcy Court correctly held.

Because we so hold, we need not address the separate question, raised by Appellant in his opening brief, of whether the nonrefundable portion of the CTC is "property" of the bankruptcy estate within the meaning of 11 U.S.C. § 541(a).  That question was addressed by the Bankruptcy Court below only to the extent that the Bankruptcy Court expressly or impliedly incorporated the reasoning of a prior case, In re

13

Landgrebe.[6]  The question was not addressed at all by the BAP, <u>see</u> <u>Dunckley</u>, 452 B.R. at 245, and the parties have not placed it squarely in issue on appeal.

## III.    CONCLUSION

For the foregoing reasons, we REVERSE the order of the Bankruptcy Appellate Panel and REINSTATE the orders of the Bankruptcy Court disallowing the claimed exemptions.  We also DENY Mark Saiki's motion and amended motion to file an amicus brief, and we DISMISS the Trustee's motion to strike the amicus brief.

---

[6] No. 08-26271 EEB, 2009 WL 3253933 (Bankr. D. Colo. Sept. 23, 2009). <u>Landgrebe</u> held that the nonrefundable portion of the CTC is not "property of the estate," because the debtor never has a "legal entitlement to claim a refund from the I.R.S. attributable to that credit." <u>Id.</u> at *2.  But as the BAP pointed out in its opinion, whether a nonrefundable tax <u>credit</u> is "property" of the estate is a different question than whether a <u>refund</u> is.  See <u>Dunckley</u>, 452 B.R. at 245.

A tax <u>refund</u> is undoubtedly property of the bankruptcy estate.  <u>See</u> <u>Kokoszka</u>, 417 U.S. at 648 (1974); <u>Barowsky</u>, 946 F.2d at 1517.  We express no opinion on whether a nonrefundable tax <u>credit</u> is property of the bankruptcy estate.  We hold only that the nonrefundable portion of the CTC cannot give rise to a "refund" within the meaning of § 13-54-102(1)(o).