637 N.W.2d 219 (2002)
465 Mich. 944
Robert MARKLEY, as Personal Representative of the Estate of Sally Markley, deceased, as Assignee of Community Health Center of Branch County, Plaintiff Appellant,
v.
OAK HEALTH CARE INVESTORS OF COLDWATER, INC., d/b/a the Laurels of Coldwater f/k/a Carriage Inn Convalescent Center, a Michigan corporation, Defendant-Appellee.
Docket No. 119102, COA No. 220494.
Supreme Court of Michigan.
January 4, 2002.
On order of the Court, the application for leave to appeal and the application for leave to appeal as cross-appellant from the April 6, 2001 decision of the Court of Appeals are considered, and they are DENIED because we are not persuaded that the question presented should be reviewed by this Court.
MARILYN J. KELLY, J., dissents and states as follows:
I would grant plaintiff's application for leave to appeal.
In this case, plaintiff seeks to recover indemnification from a successive tortfeasor. Plaintiff, acting as the personal representative of a decedent's estate, stands in the shoes of the initial tortfeasor under the terms of a settlement agreement with the tortfeasor.
Plaintiff contends that the initial tortfeasor committed medical malpractice in 1994, causing injuries to decedent that required constant nursing care provided by defendant. In 1996, plaintiff contends, defendant also committed an act of malpractice. This one caused decedent's death. Thus, plaintiff argues that defendant was more responsible for decedent's death than was the initial tortfeasor, though both played a role. He contends that the initial tortfeasor should be entitled to seek indemnification from the successive tortfeasor, given that their tortious acts were separate and distinct.
In Michigan, the general rule for common-law indemnification is that a tortfeasor who was actively at fault cannot recover indemnification from a joint tortfeasor. See Langley v. Harris Corp., 413 Mich. 592, 596-597, 321 N.W.2d 662 (1982); Husted v. Consumers Power Co., 376 Mich. 41, 51, 135 N.W.2d 370 (1965). However, no Michigan appellate court has considered making a distinction in this regard between joint and successive tortfeasors.
Several other states have done so and have recognized that the distinction may require a different result.[1] Where the responsibility of the initial tortfeasor was less than that of the subsequent tortfeasor, those states have required the latter to *220 indemnify the former. See, e.g., New Milford Bd. of Ed. v. Juliano, 219 N.J.Super. 182, 186, 530 A.2d 43 (1987).
This case offers us the opportunity to address the issue for the first time. I would grant leave to consider whether Michigan law supports treating successive tortfeasors differently than joint tortfeasors in actions for common-law indemnification.
NOTES
[1] New Milford Bd. of Ed. v. Juliano, 219 N.J.Super. 182, 530 A.2d 43 (1987); Underwriters at Lloyds v. Lauderdale Lakes, 382 So.2d 702 (Fla., 1980); Hunt v. Ernzen, 252 N.W.2d 445 (Iowa, 1977); Radford-Shelton & Assoc. Dental Lab., Inc. v. St. Francis Hosp., Inc., 569 P.2d 506 (Okla.App., 1976); Travelers Indemnity Co. v. Trowbridge, 41 Ohio St.2d 11, 321 N.E.2d 787 (1975), as modified by Motorists Mut. Ins. Co. v. Huron Rd. Hosp., 73 Ohio St.3d 391, 395, 653 N.E.2d 235 (1995); Herrero v. Atkinson, 227 Cal.App.2d 69, 38 Cal.Rptr. 490 (1964); Gertz v. Campbell, 55 III.2d 84, 302 N.E.2d 40 (1973); Musco v. Conte, 22 A.D.2d 121, 254 N.Y.S.2d 589 (1964); see also 4 Restatement Torts, 2d, § 886B, comment K; anno.: Right of tortfeasor initially causing injury to recover indemnity or contribution from medical attendant aggravating injury or causing new injury in course of treatment, 72 A.L.R.4th 231.