EDMOND v DEPARTMENT OF CORRECTIONS (ON REMAND)

Docket No. 232034. Submitted October 1, 2002, at Marquette. Decided November 22, 2002, at 9:00 A.M. Leave to appeal sought.

Jesse J. Edmond, Jr., a prisoner under the jurisdiction of the Department of Corrections, brought a complaint for a writ of habeas corpus in the Marquette Circuit Court after special good time credit that was awarded to Edmond by a prison warden was rescinded by the deputy director of the Department of Corrrections' Bureau of Correctional Facilities. The court, Thomas L. Solka, J., denied the complaint. Edmond then filed a complaint for a writ of habeas corpus in the Court of Appeals. The Court of Appeals denied the request for a writ in an unpublished order of the Court of Appeals, entered May 11, 2001 (Docket No. 232034). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration of Edmond's claim that under MCL 800.33, as amended by 1986 PA 322, the deputy director of the Department of Corrections' Bureau of Correctional Facilities no longer has the authority to overrule a warden's award of special good time credit. 465 Mich 944 (2002).

On remand, the Court of Appeals *held*:

The deputy director of the Department of Corrections' Bureau of Correctional Facilities does have the authority to overrule a warden's award of special good time credit. By statute, the department director and assistant directors have broad power and authority to supervise and control the affairs of the department. The provisions of MCL 800.33(12) that allow a warden to grant special good time credits are not an exception to the general grant of power and authority provided the director and assistant directors under MCL 791.203 and MCL 791.205. Those powers include the power to make discretionary decisions regarding the length of time that prisoners must serve. The previous order of the Court of Appeals denying the request for a writ of habeas corpus must be confirmed.

Request for writ of habeas corpus denied.

PRISONS AND PRISONERS — ADMINISTRATIVE LAW — SPECIAL GOOD TIME CREDITS.

The director and assistant directors of the Department of Corrections are granted by statute full power and authority to supervise and control the affairs of the department, including the making of dis-

cretionary decisions regarding the length of time that prisoners must serve; the director and assistant directors are authorized to overrule a prison warden's award of special good time credit to a prisoner (MCL 791.203, 791.205, 800.33[12]).

*Daniel E. Manville, P.C.* (by *Daniel E. Manville*), for Jesse J. Edmond, Jr.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Chester S. Sugierski, Jr.*, Assistant Attorney General, for the Department of Corrections.

ON REMAND

Before: HOOD, P.J., and BANDSTRA and O'CONNELL, JJ.

PER CURIAM. In a previous order, we denied plaintiff's request for a writ of habeas corpus. *Edmond v Dep't of Corrections*, unpublished order of the Court of Appeals, entered May 11, 2001 (Docket No. 232034). In lieu of granting leave to appeal that decision, the Supreme Court remanded this case to us for consideration of plaintiff's claim that the deputy director of the Department of Corrections' Bureau of Correctional Facilities no longer has the authority to overrule a warden's award of special good time credit under MCL 800.33, as amended by 1986 PA 322. *Edmond v Dep't of Corrections*, 465 Mich 944 (2002). We conclude that the deputy director does have this authority and confirm our previous decision denying a writ of habeas corpus.

Plaintiff was convicted in 1980 and sentenced to a minimum of thirty years and a maximum of fifty years in prison. At issue here is an award of special good time credit against his sentences. A prison warden

awarded plaintiff a number of days of special good time credit that were later rescinded by the deputy director of the Department of Corrections' Bureau of Correctional Facilities.

At issue here is the relative authority granted to wardens and the various deputy directors within the statutory scheme creating and regulating the Department of Corrections. See MCL 791.201 *et seq.* Our analysis begins with the statute that specifically relates to the award of special good time credit, MCL 800.33. Until the 1986 amendment, that statute authorized a warden to award special good time credit "with the consent and approval of the director of the department of corrections . . . ." 1982 PA 442. 1986 PA 322 removed the reference to the director, providing only that a warden may grant special good time allowances. MCL 800.33(12). In contrast, the prior written approval of a deputy director is explicitly required by the statute with respect to a warden's decision to restore good time or disciplinary credits forfeited because of major misconduct. MCL 800.33(10).

While MCL 800.33, considered alone, might thus support plaintiff's argument, under the rule of in pari materia this statute must be read together with other statutes relating to the same subject or with the same purpose, i.e., those relating to the powers of the various deputy directors. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998). MCL 16.379 names the director the "principal executive officer" of the Department of Corrections. MCL 791.203 gives the director "full power and authority to supervise and control the affairs of the department . . . ." MCL 791.205 authorizes the director to appoint assistant

directors to "exercise and perform the respective powers and duties prescribed and conferred by this act . . . ."[1]

The question before us is whether MCL 800.33(12) is an exception to the general grant of power and authority provided the director and assistant directors under MCL 791.203 and MCL 791.205. We do not find that to be the case. The statutory language granting power to the department director and assistant directors is broad—they "have full power and authority to supervise and control the affairs of the department . . . ." MCL 791.203. That "full power and authority" would naturally include decisions regarding what is arguably among the most important "affairs of the department," discretionary decisions regarding the length of time that prisoners must serve. In the absence of statutory language that explicitly limits the full power and authority granted by MCL 791.203, we will not read a limitation into the statute.

To state this another way, full power and authority having been granted by MCL 791.203 as a general matter, the failure of MCL 800.33(12) to grant that authority specifically with respect to good time credits is inconsequential. Thus, to the extent that MCL 800.33(10) is read as granting the deputy director authority with respect to decisions regarding the restoration of credits lost because of major misconduct, that section would unnecessarily reiterate a power and authority already granted the director and his immediate subordinates by MCL 791.203 and MCL 791.205. However, properly understood, MCL

---

[1] Because the Department of Corrections act, MCL 791.201 *et seq.*, uses the terms "assistant director" and "deputy director" interchangeably, we do so here as well.

800.33(10) does more than simply reiterate the power and authority these individuals already have to supervise and control the affairs of the department, including decisions regarding such restoration of credits. Instead, it provides the procedure by which that supervision and control is to be exercised in this context, specifically requiring that a warden must secure a deputy director's written approval before forfeited good time credits can be restored.

Accordingly, we confirm our previous order denying plaintiff's request for a writ of habeas corpus.