656 N.W.2d 842 (2002)
Jesse James EDMOND, Jr., Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS, Defendant-Appellee.
Docket No. 232034.
Court of Appeals of Michigan.
Submitted October 1, 2002, at Marquette.
Decided November 22, 2002, at 9:00 a.m.
Released for Publication February 20, 2003.
*843 Daniel E. Manville, P.C. (by Daniel E. Manville), for Jesse J. Edmond, Jr. Ferndale.
Jennifer M. Granholm, Attorney General, Thomas L. Casey, Solicitor General, and Chester S. Sugierski, Jr., Assistant Attorney General, for the Department of Corrections.
Before: HOOD, P.J., and BANDSTRA and O'CONNELL, JJ.

ON REMAND
PER CURIAM.
In a previous order, we denied plaintiff's request for a writ of habeas corpus. Edmond v. Dep't of Corrections, unpublished order of the Court of Appeals, entered May 11, 2001 (Docket No. 232034). In lieu of granting leave to appeal that decision, the Supreme Court remanded this case to us for consideration of plaintiff's claim that the deputy director of the Department of Corrections' Bureau of Correctional Facilities no longer has the authority to overrule a warden's award of special good time credit under M.C.L. § 800.33, as amended by 1986 PA 322. Edmond v. Dep't of Corrections, 465 Mich. 941 (2002). We conclude that the deputy director does have this authority and confirm our previous decision denying a writ of habeas corpus.
Plaintiff was convicted in 1980 and sentenced to a minimum of thirty years and a maximum of fifty years in prison. At issue here is an award of special good time credit against his sentences. A prison warden awarded plaintiff a number of days of special good time credit that were later rescinded by the deputy director of the Department of Corrections' Bureau of Correctional Facilities.
At issue here is the relative authority granted to wardens and the various deputy directors within the statutory scheme creating and regulating the Department of Corrections. See M.C.L. § 791.201 et seq. Our analysis begins with the statute that specifically relates to the award of special good time credit, M.C.L. § 800.33. Until the 1986 amendment, that statute authorized a warden to award special good time credit "with the consent and approval of the director of the department of corrections...." 1982 PA 442. 1986 PA 322 removed the reference to the director, providing only that a warden may grant special good time allowances. MCL 800.33(12). In contrast, the prior written approval of a deputy director is explicitly required by the statute with respect to a warden's decision to restore good time or disciplinary credits forfeited because of major misconduct. MCL 800.33(10).
While M.C.L. § 800.33, considered alone, might thus support plaintiff's argument, under the rule of in pari material this statute must be read together with other statutes relating to the same subject or with the same purpose, i.e., those relating to the powers of the various deputy directors. People v. Webb, 458 Mich. 265, 274, 580 N.W.2d 884 (1998). MCL 16.379 names the director the "principal executive officer" of the Department of Corrections. M.C.L. § 791.203 gives the director "full power and authority to supervise and control the affairs of the department...." M.C.L. § 791.205 authorizes the director to appoint assistant directors to "exercise and perform the respective powers and duties prescribed and conferred by this act...."[1]
The question before us is whether M.C.L. § 800.33(12) is an exception to the general grant of power and authority provided *844 the director and assistant directors under M.C.L. § 791.203 and M.C.L. § 791.205. We do not find that to be the case. The statutory language granting power to the department director and assistant directors is broad-they "have full power and authority to supervise and control the affairs of the department...." M.C.L. § 791.203. That "full power and authority" would naturally include decisions regarding what is arguably among the most important "affairs of the department," discretionary decisions regarding the length of time that prisoners must serve. In the absence of statutory language that explicitly limits the full power and authority granted by M.C.L. § 791.203, we will not read a limitation into the statute.
To state this another way, full power and authority having been granted by M.C.L. § 791.203 as a general matter, the failure of M.C.L. § 800.33(12) to grant that authority specifically with respect to good time credits is nonconsequential. Thus, to the extent that M.C.L. § 800.33(10) is read as granting the deputy director authority with respect to decisions regarding the restoration of credits lost because of major misconduct, that section would unnecessarily reiterate a power and authority already granted the director and his immediate subordinates by M.C.L. § 791.203 and M.C.L. § 791.205. However, properly understood, M.C.L. § 800.33(10) does more than simply reiterate the power and authority these individuals already have to supervise and control the affairs of the department, including decisions regarding such restoration of credits. Instead, it provides the procedure by which that supervision and control is to be exercised in this context, specifically requiring that a warden must secure a deputy director's written approval before forfeited good time credits can be restored.
Accordingly, we confirm our previous order denying plaintiff's request for a writ of habeas corpus.
NOTES
[1] Because the Department of Corrections act, M.C.L. § 791.201 et seq., uses the terms "assistant director" and "deputy director" interchangeably, we do so here as well.