**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

In re:

LAWRENCE A. BROCK;
DIANE MELREE BROCK,

Debtors.

------------------------------------------

LAWRENCE A. BROCK;
DIANE MELREE BROCK,

Appellants/Cross-Appellees,

v.

ALEC J. GLASSER, Trustee of Alec J.
Glasser Defined Benefit Pension Plan,

Appellee/Cross-Appellant.

Nos. 14-1040 & 14-1057
(BAP No. 12-001-CO)
(BAP)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **MATHESON**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Case No. 14-1040 is an appeal by Lawrence A. Brock and Diane Melree Brock (Brocks) from an opinion of the Bankruptcy Appellate Panel of the Tenth Circuit (BAP), which affirmed an order of the United States Bankruptcy Court for the District of Colorado (bankruptcy court), that denied their objection to a claim filed by the Alec J. Glasser Defined Benefit Pension Plan (Glasser Pension Plan), and allowed the Plan an unsecured claim against their Chapter 11 bankruptcy estate. The gist of the bankruptcy court's order was that the Brocks, as settlors of the Lawrence A. Brock and Diane Melree Brock Revocable Inter Vivos Trust (Brock Trust), were individually liable to the Plan for the obligations of the Trust. Case No. 14-1057 is a cross appeal by the Plan as to the amount of the claim. Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we reverse the court's order in Case No. 14-1040, and dismiss as moot the Plan's cross appeal in Case No. 14-1057.

I.

The relevant facts are undisputed. In 1995, the Brocks, who are husband and wife, settled the Brock Trust. In 2007, the Trust contracted to buy commercial real estate in Laguna Beach, California (California Property), from Forest Partners I (Forest Partners), an entity controlled by Alec J. Glasser, for approximately $4 million. Shortly before the closing, the Brocks' financing fell through, and the Trust subsequently arranged for payment to Forest Partners of approximately $1 million in cash and loans totaling approximately $3 million from two entities controlled by Mr. Glasser, namely AJG Property LP (AJG) and the Glasser Pension

- 2 -

Plan. To that end, the Brocks, solely in their representative capacities as trustees of the Trust, executed two promissory notes: one to AJG for $2.45 million and the other to the Plan for $500,000 (Brock Trust Note). The Note was secured by a junior deed of trust encumbering the California Property.

In 2008, the Brock Trust reached an agreement with Bank of the West (Bank) to refinance the California Property. As part of this transaction, the Glasser Pension Plan agreed to subordinate its lien encumbering the California Property to a new deed of trust executed in favor of the Bank. Citing concerns about the Bank's draconian subordination agreement, the Plan obtained from the Brocks a Colorado form Deed of Trust that encumbered their residential property in Boulder, Colorado (Colorado Deed of Trust), as additional security for the Brock Trust Note.

The Brocks filed a voluntary Chapter 11 petition in bankruptcy in 2010. Initially, the Glasser Pension Plan filed a secured claim against the Brocks' bankruptcy estate in the amount of $554,365 (the loan amount plus interest). The Brocks objected to the claim "on several grounds[,]" including "the entity which purchased [the California Property] from Glasser in 2007, Lawrence A. Brock and Diane Melree Brock, as trustees of the [Brock Trust], is a legal entity separate from [Lawrence A. Brock and Diane Melree Brock] individually." Aplt. App. Vol. 1 at 129. But because the Colorado Deed of Trust was not recorded until after the Brocks filed their petition, the Plan amended its filing to assert a general unsecured

claim. Using slightly different language, the Brocks again raised the objection that the Brock Trust was a separate legal entity.

In 2011, the bankruptcy court conducted a hearing regarding the Brocks' objection to the Glasser Pension Plan's claim. In its subsequent written order, the court overruled the Brocks' objection and found that the Plan held a general unsecured claim for $500,000 against the Brocks' bankruptcy estate. Relevant to the Brocks' argument that they were not to be individually liable for a debt owed by the Brock Trust, the court acknowledged that the Brock Trust Note was between the Trust and the Plan, and executed by the Brocks in their capacities as trustees – not individually. It also acknowledged that the Brocks did not personally guarantee the Note. Nonetheless, the court concluded that the Brocks, *individually*, were liable for the Note for two reasons: because the Colorado Deed of Trust "shows it was made by Lawrence Brock and Diane Brock, with no reference to the Trust,"[1] and as "both the settlors and beneficiaries of the Trust[] . . . creditors can reach their interests."[2] *Id*. at 156.

---

[1]     The Colorado Trust Deed was evidence of security for a debt owed by the Brock Trust, and not evidence of a separate debt. *See generally Plymouth Capital Co. v. Dist. Court of Elbert Cnty.*, 955 P.2d 1014, 1015 (Colo. 1998) (explaining difference between a deed of trust and the debt secured by trust deed).

[2]     The Glasser Pension Plan argues that the Brocks failed to preserve this issue for appeal by failing to adequately raise it in the bankruptcy court. To the contrary, the issue was raised in the Brocks' objections and their trial brief, and was expressly addressed, albeit briefly, in the court's written order.

The Brocks appealed to the BAP.  While that appeal was pending, the Brocks and Glasser Pension Plan entered into a settlement agreement and filed it for bankruptcy court approval.  In the meantime, the Bank, which was in litigation with the Brocks over its right to a deficiency claim, filed an objection.  The Brocks, with the consent of the Plan, obtained a postponement of the appeal pending the outcome of the Bank's litigation.  Following the court's resolution of the Bank's claim, which it denied, the Brocks moved to withdraw the settlement agreement.  The court granted the motion over the objection of the Plan.  Noting the pendency of not only the Brocks' appeal, but also an appeal filed by the Bank, the court reasoned that "the landscape of the instant case would change significantly [because the outcome of the appeals] would certainly impact any proposed plan of reorganization and any settlement between the parties," and found "cause exists to permit withdrawal." Aplee. App. Vol. II at 944.

In the BAP, the Glasser Pension Plan moved to dismiss the appeal on the grounds that the Brocks made "false representations to [the BAP] and to [it] in order to induce [the BAP] and [the Plan] to delay appeal proceedings in this case." *Id*. at 888.  The BAP denied the motion.  It noted that the "decision was made by the bankruptcy court, whose approval of any such settlement is required," and refused to "sanction a party based on the action of the bankruptcy court."  Aplt. App. Vol. 1 at 42-43.

As to the merits, the BAP reasoned that because the assets of the Brock Trust are included in the Brocks' bankruptcy estate, it would be "illogical" to deprive creditors of the Brock Trust a recovery of those assets:

> The [Glasser Pension Plan's claim is] to a proportionate share of what may be netted from disposition of all estate assets, including Brock Trust assets. To deny that recovery would illogically deprive the Plan of assets that belonged to the Brock Trust when the bankruptcy petition was filed, while allowing recovery from those same assets to non-trust creditors. Avoidance of such an illogical result is precisely why the Brocks' and the Brock Trust's debts and assets must be treated as one and the same.

*Id*. at 48.

## II.

"When reviewing a decision of the BAP, this Court reviews only the Bankruptcy Court's decision, treating the BAP as a subordinate appellate tribunal whose rulings may be persuasive, but are entitled to no deference." *In re Borgman*, 698 F.3d 1255, 1259 (10th Cir. 2012). We review the bankruptcy court's legal conclusions de novo, including "state law legal issues." *Id*. (internal quotation marks omitted).

## III.

For its first argument, the Glasser Pension Plan asks this court to dismiss the appeal outright for alleged fraud on the court relating to the bankruptcy court's order permitting the Brocks to withdraw the settlement agreement. There is no merit to this argument, which is nothing more than an end run on an order that has not been appealed to either the BAP or this court.

As to the merits, the parties agree that Colorado law applies. They also agree that Colorado law recognizes the general rule that a creditor can reach a debtor's assets placed in trust to the same extent that the debtor is entitled to reach such assets. *See, e.g.*, *In re Cohen*, 8 P.3d 429, 433 (Colo. 1999) (holding creditors can reach assets of trust "to the same extent as the maximum amount that would be payable to the beneficiary in the trustee's discretion.") (internal quotation marks omitted). They disagree, however, whether this general rule can be extrapolated to mean, as the bankruptcy court held, that the settlor of a trust is liable for obligations incurred by the trust. We agree with the Brocks that it cannot.

The linchpin of the bankruptcy court's holding was § 156 of the Restatement (Second) of Trusts, applied by the Colorado Supreme Court in *Cohen*, 8 P.3d at 432-33, and sets forth the general rule that a creditor may reach assets placed in trust by the settlor of a trust created for the benefit of the settlor. Restatement (Second) of Trusts § 156 (1959). We agree with the Brocks, however, that this case "presents the *opposite* situation from that described in the Restatement. Here, a lender (the Glasser Pension Plan) agreed to look solely to a trust (the Brock Trust) for repayment of a loan and elected *not* to require the settlors of the trust to assume personal liability for the loan." Aplt. Opening Br. at 10. As such, § 156 does not support the bankruptcy court's holding that property held individually by the Brocks can be reached in satisfaction of the debts of the Brock Trust.

- 7 -

Nor are we persuaded by the BAP's reasoning that it "would [be] illogical[] [to] deprive the [Glasser Pension] Plan of assets that belonged to the Brock Trust when the bankruptcy petition was filed, while allowing recovery from those same assets to non-trust creditors." Aplt. App. Vol. 1 at 48. While such a result may appear "illogical" to the BAP, this is what the parties agreed to.

We also disagree with the Glasser Pension Plan's argument that the Brock Trust is a "sham." As a preliminary matter, Colorado recognizes that a trust is a separate entity distinct from its settlor, trustee or beneficiaries. "Only when the trust is completely illusory, such as when the putative settlor reserves possession and control in all particulars, will it be deemed invalid." *Exch. Nat'l Bank of Colo. Springs v. Sparkman*, 554 P.2d 1090, 1092 (Colo. 1976) (internal quotation marks omitted). There is no evidence in the record to support the Plan's argument that the Trust was a "sham," nor is there any evidence that the trust formalities were ignored.

We also disagree that the Glasser Pension Plan was misled from presenting evidence of a "sham" trust. According to the Plan, a remark made by the Brocks' lawyer in his opening statement that he would not rely on the Brock Trust "[a]s a shield," Aplt. App. Vol. 2 at 178, amounted to a judicial admission that excused the Plan from presenting any evidence that the Brock Trust was a "sham." To the contrary, a judicial admission is a "formal admission[] . . . which ha[s] the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Guidry v. Sheet Metal Workers Int'l Ass'n, Local No. 9*, 10 F.3d 700, 716

- 8 -

(10th Cir. 1993) (internal quotation marks omitted), *abrogated in part on other grounds on reh'g*, 39 F.3d 1078 (1994) (en banc).  Counsel's remark does not meet this test, especially because it was a legal argument, and the doctrine does not apply to "proposition[s] of law."  *Id.*

Last, because we have determined that the Glasser Pension Plan does not have a claim against the Brocks' bankruptcy estate, the amount of that claim is moot.  We therefore dismiss Case No. 14-1057.

This matter is remanded to the BAP with instructions to remand to the bankruptcy court for further proceedings consistent with this order and judgment.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge