**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0222n.06

Case No. 19-2194

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Apr 22, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| LARRY J. WINGET; LARRY J. WINGET | ) | MICHIGAN |
| LIVING TRUST, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

BEFORE: SUTTON, COOK, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. The Larry J. Winget Living Trust owes JPMorgan Chase Bank hundreds of millions of dollars. In a recent appeal, we held that Chase could collect that money from property held by the Trust. The question in this appeal is whether the district court could also order Larry Winget not to interfere with the Trust property during the collection proceedings. We see no error, so affirm.

Five years ago, our court directed the district court to enter judgment in Chase's favor against the Trust for a loan guarantee. *See JPMorgan Chase Bank, N.A. v. Winget*, 602 F. App'x 246, 266 (6th Cir. 2015). The district court soon did so. And the bank has been trying to collect on that judgment ever since.

Last year, we held that Chase could collect from property held by the Trust. *JPMorgan Chase Bank, N.A. v. Winget*, 942 F.3d 748, 749 (6th Cir. 2019). But not surprisingly, our decision

didn't end matters. *See id*. at 752 ("We now know better than to think that our decision today will close the book for good."); *see also id*. at 749 (collecting six prior appeals by the parties).

The district court recently granted a writ of execution against certain corporate stock held by the Trust. The court also ordered Winget not to interfere with the Trust property while the parties proceed with a judicial sale of the stock. Winget then appealed.

On appeal, Winget doesn't challenge the writ of execution. After all, how could he? Our most recent decision affirmed a practically equivalent order from the district court. *See id*. at 750–52. Perhaps for that reason, Winget now challenges the court's order not to interfere with the Trust property, arguing that this injunction violates his purported right to revoke the Trust at any time.

Two problems with that argument.

*First*, Winget didn't raise the argument in the district court or even challenge the proposed injunction. Instead, he argued only that Chase couldn't collect from the Trust property because he "owns" the property. And we squarely rejected that argument in our prior decision. *See id*. at 749–52. In fairness, Winget didn't know at the time that this argument was a loser because our decision hadn't come out yet. But that's why parties often make arguments in the alternative. Indeed, we expect parties to preserve arguments even when binding precedent forecloses them. *Cf. Bousley v. United States*, 523 U.S. 614, 622–23 (1998). Winget hasn't offered any reason to excuse his forfeiture here. *See Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019).

*Second*, even if we excused his forfeiture, Winget hasn't shown that the district court abused its discretion. *See Hall v. Edgewood Partners Ins. Ctr., Inc.*, 878 F.3d 524, 527 (6th Cir. 2017). The parties agree that Michigan law applies. *See* Fed. R. Civ. P. 69(a)(1). And Michigan has several provisions that empower courts to enjoin transfers of property during post-judgment proceedings, including one that directly concerns the transfer of stock. *See* Mich. Comp. Laws

§ 600.6037(5); *see also id*. §§ 600.6104(2), (5), 600.6116(1). Indeed, our prior decision specifically noted that Michigan law gives courts "extremely broad authority" to enforce their judgments. *Winget*, 942 F.3d at 751–52 (citation omitted).

Winget didn't address any of these provisions in his opening brief. At best, he argues in his reply brief that the district court improperly enjoined him because he's not a "judgment debtor." But the relevant provision of Michigan law broadly provides that a court "shall have full power and authority upon motion, and without notice, to make an order restraining the transfer of any such shares of stock[.]" Mich. Comp. Laws § 600.6037(5). Nothing in the provision suggests that the court cannot enjoin other parties in the case who might also try to transfer the stock. *Cf. Edmond v. Dep't of Corr.*, 656 N.W.2d 842, 844 (Mich. Ct. App. 2002) (characterizing the phrase "full power and authority" in another statute as "broad" and declining to read an implicit limitation into the provision). Nor has Winget offered any authority that says as much. As far as we can see—or Winget has shown—the district court didn't abuse its discretion.

One other point. In his briefing, Winget cites a footnote from our prior decision. *See Winget*, 942 F.3d at 750 n.1. That footnote explained that Winget had previously tried to revoke the Trust and that the district court had found this revocation to be a fraudulent transfer under Michigan law. *See id*. And the footnote clarified that our decision didn't resolve whether Winget could revoke the Trust since the parties hadn't appealed that issue. *See id*.

But whether Winget could have revoked the Trust before the district court enjoined him from interfering with it is beside the point now. Michigan law gives the district court the power to enjoin actions contrary to its collection orders. And that's all the court did here.

We affirm.