LVNV Funding, LLC v Washington (2025 NY Slip Op 50185(U))

[*1]

LVNV Funding, LLC v Washington

2025 NY Slip Op 50185(U)

Decided on February 7, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 7, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2024-73 K C

LVNV Funding, LLC, Respondent,
against
Rodney R. Washington, Appellant. 

Rodney R. Washington, appellant pro se.
Pressler, Felt & Warshaw, LLP (Craig S. Stiller of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Jill R. Epstein, J.), entered October 25, 2023. The order denied defendant's motion to dismiss the complaint.

ORDERED that the order is affirmed, without costs.
Plaintiff, a debt collector, seeks in this action to recover the principal sum of $1,526.56 on a credit card debt. It is undisputed that Citibank, N.A. (Citibank) originated the debt; that, on August 8, 2019, defendant filed a bankruptcy petition which was dismissed on December 2, 2019 (see Washington v Chapter 13 Trustee, 2020 WL 5077403, US Dist Ct, ED NY, 19 Civ 7028 [2020]); and that, on October 3, 2019, while defendant's bankruptcy petition was pending, the debt was transferred from Citibank through two intermediate owners to plaintiff. In 2022, plaintiff commenced this action seeking to recover on the debt. Defendant moved to dismiss the complaint, arguing that Citibank's transfer of a pre-petition debt during the pendency of defendant's bankruptcy proceeding had violated the automatic stay protections of the Bankruptcy Law and had therefore been illegal and ineffective. Plaintiff opposed the motion, which the Civil Court (Jill R. Epstein, J.) denied in an order entered on October 25, 2023. 
Upon the filing of a bankruptcy petition, the Bankruptcy Code imposes an automatic stay which, among other things, prohibits the commencement of any action to recover a claim against the debtor, or the enforcement of a judgment against the debtor (see 11 USC § 362 [a] [1], [2], [6]; see also Matter of Doresca v IndyMac Bank, FSB, — BR —, —, 2024 WL 3418064, *5 [ED NY 2024]). Such a stay only applies insofar as the property of the estate is involved (see 11 USC § 362 [c] [1]). The "property of the estate" generally includes all the property in which the debtor has a legal or equitable claim (see 11 USC § 541 [a] [1]; see also Rajala v Gardner, 661 Fed Appx 512 [10th Cir 2017]). 
Citibank's transfer of the debt it held did not constitute an action or proceeding against defendant or an act to collect, assess, or recover a claim against defendant. The interest Citibank transferred consisted of money that defendant owed to it, and constituted an asset of the creditor, not of defendant debtor (cf. Matter of Samuels, 415 BR 8, 22 [D Mass 2009]; Matter of Doresca v IndyMac Bank, FSB, — BR —, 2024 WL 3418064, *6 [ED NY 2024]; Matter of Nelson v Nationstar Mtge., LLC, 607 BR 685 [ND Ala 2019]). Consequently, Citibank's transfer of defendant's debt, indirectly, to plaintiff did not violate the automatic stay provisions of the Bankruptcy Code, and, thus, defendant failed to establish his entitlement to dismissal of the complaint.
Accordingly, the order is affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 7, 2025